```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Civil No. 16-869(DSD/HB)
```

Erin O'Brien,

        Plaintiff,

v.                                                     **ORDER**

Permasteelisa North America Corp.,

        Defendant.

        Ryan H. Ahlberg, Esq. and Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, MN 55401, counsel for plaintiff.

        Alec J. Beck, Esq. and Ford & Harrison LLP, 901 Marquette Avenue, Suite 1500, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Permasteelisa North America Corp (PNAC). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This employment dispute arises out of PNAC's decision to fire plaintiff Erin O'Brien.[1]  PNAC employed O'Brien as a Document Controller at its Mendota Heights location from March through October 2015. O'Brien's direct supervisor was Mileah Mott, whose

---

[1] In light of O'Brien's voluntary dismissal of her Minnesota Human Rights Act (MHRA) claim, the court addresses only those facts relevant to the promissory estoppel claim.

supervisor was department director Derick Koprek. Koprek, with Mott present, gave O'Brien standard performance reviews on April 17 and May 26. Koprek Aff. ¶ 3. During those reviews, Koprek and Mott informed O'Brien that she needed to improve the accuracy of her work, increase her confidence, and spend less time on her phone. Id.; id. Ex. A, at 1, 3, 7.

In August, Koprek continued to have concerns with the quality of O'Brien's work, which he discussed with human resources representative, Amelia Dube. Id. ¶ 4. Dube recommended that O'Brien participate in a performance improvement plan (PIP) and forwarded a PIP document to Koprek. Id. ¶¶ 4-5. The PIP informed O'Brien that she must improve her attention to detail, reliability, and work ethic and that her failure to do so could lead to termination. See Kyle Aff. Ex. A. On September 19, O'Brien signed the PIP. Id.; see Koprek Aff. ¶ 5.

O'Brien subsequently told Cara Peterson, another manager at the Mendota Heights office, that she was uncomfortable with the plan because she thought it was too vague.[2] Kyle Aff. ¶ 5; see id. Ex. B. Peterson informed Emily Kyle, a human resources supervisor, about O'Brien's concerns and that O'Brien had other complaints that needed to be addressed. Id. ¶ 5; see id. Ex. B. Following her conversation with Peterson, on September 22, Kyle had

---

[2] The record does not indicate whether Peterson's managerial role was related to O'Brien's position or why O'Brien went to Peterson with her concerns.

a conference call with Koprek, Dube and O'Brien to address O'Brien's concerns. Kyle Aff. ¶ 6. At the meeting, O'Brien complained about Mott's behavior toward her, and Kyle instructed O'Brien to put her complaints in writing. Id.

On September 23, O'Brien emailed her complaints to Kyle. Id. ¶ 7; see id. Ex. C. Among other things, O'Brien complained that Mott had slammed her fists on her desk, cursed at her, and called her and other co-workers "retards." Id. Ex. C. Kyle and Dube investigated O'Brien's complaints, and Mott admitted to using profanity and slamming her fists on O'Brien's desk but denied using the word "retarded." Id. Ex. F. Kyle and Dube gave Mott a written warning and informed O'Brien about the results of the investigation. Id. Exs. G, H.

On September 25, in an attempt to address O'Brien's concerns about the first PIP, human resources sent an amended PIP to Koprek. Kyle Aff. ¶ 8; see id. Ex. D. Koprek met with O'Brien to go over the new PIP, but O'Brien refused to sign it. Koprek Aff. ¶ 6. She was still expected to improve her performance, however. Kyle Aff. ¶ 8.

On October 9, Koprek and Dube met with O'Brien to discuss her progress under the PIP and noted several areas where they believed O'Brien's performance continued to be deficient. Koprek Aff. ¶ 7; see id. Ex. A. at 8. The next PIP progress meeting was scheduled for October 23. Koprek Dep. 15:1-5. By October 20, however,

3

Koprek and Jason Serbousek, the design department manager, believed that O'Brien's attitude had worsened and that she was not meeting the goals of the PIP. Kyle Aff. ¶ 11. As a result, on October 20, Dube, Kyle, Koprek, and Serbousek scheduled a meeting with O'Brien at the end of the day without advance notice. O'Brien Dep. at 141:14-25; Koprek Dep. at 19:18-20:6. At the meeting, they attempted to discuss the PIP with O'Brien, but she left abruptly, apparently because she was uncomfortable with the impromptu nature of the meeting. O'Brien Dep. at 142:17-143:4; Koprek Dep. at 20:18-21. After the meeting, Koprek, Kyle, and Serbousek concluded that it did not make sense to continue to pursue the PIP. Koprek Aff. ¶ 9. Kyle then consulted with David Halpert, director of human resources for North America, and they decided to fire O'Brien. Id. ¶¶ 9-10; Kyle Aff. ¶¶ 12-13.

On March 8, 2016, O'Brien filed suit against PNAC in state court asserting claims of discrimination under the MHRA and promissory estoppel based on PNAC's anti-harassment policy, and PNAC timely removed.[3] PNAC now moves for summary judgment.

---

[3] At the hearing, O'Brien conceded that the MHRA claim should be dismissed with prejudice. The court, therefore, only addresses the promissory estoppel claim.

**DISCUSSION**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient ....").

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists – or cannot exist – about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Promissory Estoppel**

PNAC argues that PNAC's anti-harassment policy is not sufficiently "clear and definite" to form the basis of a promissory estoppel claim.[4] The court agrees.

"Promissory estoppel is an equitable doctrine that implies a contract in law when none exists in fact." Martens v. Minn. Mining & Mfg. Co., 616 N.W.2d 732, 746 (Minn. 2000) (citation and internal quotation marks omitted). To state a claim under promissory estoppel, a plaintiff must prove that "(1) a clear and definite promise was made, (2) the promisor intended to induce reliance and the promisee in fact relied to his or her detriment, and (3) the promise must be enforced to prevent injustice." Id.

O'Brien bases her promissory estoppel claim of PNAC's anti-harassment policy. The policy states that:

> Employees may bring their good faith complaints of harassment without fear of retaliation. [PNAC] will not tolerate retaliation against any employee who, in good faith, complains of harassment or provides information in connection with any complaint. Any person who believes

---

[4] The court need not address whether the promissory estoppel claim is preempted by the MHRA because O'Brien, in conceding her MHRA claim, is no longer asserting her MHRA and promissory estoppel claims simultaneously. See Brodhead v. Knife River Corporation-North Cent., No. 14-548, 2015 WL 4429352, at *12 (D. Minn. July 20, 2015) ("[W]ith respect to the preclusion of separate common law negligence actions, courts have held that 'a plaintiff may simultaneously pursue claims under the MHRA and common law negligence that arise from the same underlying facts,' only if the plaintiff's negligence claims are 'founded on a duty of care independent from duties owed under the MHRA.'" (emphasis added)(quoting Burns v. Winroc Corp., 565 F. Supp. 2d 1056, 1069 (D. Minn. 2008)).

6

>    they have been subjected to retaliation should use the
>    complaint procedure.  Any employee found to have engaged
>    in retaliatory conduct shall be subject to disciplinary
>    action ....

Beck Aff. Ex. B, at 3.

Whether this statement constitutes a clear and definite promise is determined as a matter of law.  <u>Martens</u>, 616 N.W.2d at 746.  "Vague statements and statements of policy generally are not clear and definite promises."  <u>Sorin Grp. USA, Inc. v. St. Jude Med, S.C., Inc.</u>, 176 F. Supp. 3d 814, 834 (D. Minn. 2016); <u>see also</u> <u>Pine River State Bank v. Mettille</u>, 333 N.W.2d 622, 630 (Minn. 1983) (holding that employee handbook language did not constitute an offer because it was "no more than a general statement of policy").  Here, PNAC's anti-retaliation provision merely informs employees of what the law requires; it does not bind PNAC to any specific course of action, nor does it restrict PNAC's ability to terminate its employees.  Indeed, the policy only seems to cover actions taken by employees, not PNAC.  <u>See</u> Beck Aff. Ex. B, at 3 (emphasis added) ("<u>Any employee</u> found to have engaged in retaliatory conduct shall be subject to disciplinary action ....").  Because PNAC's anti-harassment policy is not a clear and definite promise, O'Brien's promissory estoppel claim fails as a matter of law.  As a result, summary judgment is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for summary judgment [ECF No. 11] is granted; and

2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**Dated: April 4, 2017**

s/David S. Doty
David S. Doty, Judge
United States District Court
